STURGIS, Judge.
The appellant, defendant below, upon conviction of the crime of receiving stolen property, was sentenced to three years imprisonment at hard labor in the Escambia County jail and a fine of $65, and in default of payment of the fine to an additional sixty days imprisonment in the county jail.
The assignments of error challenge: (1) the sufficiency of the information, (2) the denial of defendant’s motion for a directed verdict, (3) the admission in evidence of certain testimony, (4) the validity of a charge to the jury, (5) refusal of the court to modify the official minutes of the trial, and (6) the validity of the sentence imposed. After carefully reviewing the record and the briefs, we find that the only assignment of error containing merit is that which questions the validity of the sentence.
At the oral argument before this court, appellant’s counsel stated that appellant preferred the accommodations of the state prison to those of the Escambia County jail, but advanced no reason, climatic or otherwise, for that preference, the realization of which depends, as we shall see, on the applicable law rather than epicurean fancy. Appellee suggests, with substantial logic, that appellant’s attitude on that matter is not to his best interest. However correct or generous the state’s solicitude may be, it remains that appellant enjoys the unquestioned right to appeal on that issue, that he has exercised that right affirmatively, and that this appellate court has no alternative than to resolve the issue.
Section 811.16, Florida Statutes, F.S.A., defines the offense of buying, receiving or aiding in the concealment of stolen property and fixes the punishment as “imprisonment in the state prison not ex *186 ceeding five years, or by fine not exceeding five hundred dollars.” Section 811.17, F.S., F.S.A., provides that upon a first conviction under Section 811.16, and when the act of stealing the property is not by law a felony, and “if the party convicted of buying, receiving or aiding in the concealing of 'such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall not be imprisoned in the state prison, but may be liable to such additional punishment as the court may direct.” It is held that these sections are to be read in pari materia.
Section 775.06, F.S., F.S.A., relating to statutory crimes, provides that whenever punishment by imprisonment is prescribed and not expressly directed to be in the state prison, it shall be held to be imprisonment in the county jail, and that whenever the punishment is prescribed to be fine or imprisonment (either in the state prison or county jail), in the alternative, the court may, in its discretion, proceed to punish by both fine and such imprisonment.
Before undertaking to impose sentence under Section 811.17, rather than Section 811.16, F.S., F.S.A., it must be developed before the trial court that each of the factors, in the nature of conditions precedent to activation of that section, are present in the subject case. Testing this case by that rule we find, first, that the evidence will not support a premise that the stolen property had a value of $100 or more, hence the theft thereof was not a felony within the concept of Section 811.17, F.S., F.S.A.; secondly, it does not affirmatively appear that the defendant had previously been convicted of the crime defined by Section 811.16, F.S., F.S.A. It follows that the only other factor necessary to be present in order to activate imposition of sentence in this case under Section 811.17, F.S., F.S.A., was a showing that the defendant made “satisfaction to the party injured to the full value of the property stolen and! not restored.” The record is silent on this-score. Appellant’s insistence that he could only be imprisoned in the state prison implies that “satisfaction” was not made to-the party injured.
It appears that part of the stolen property was introduced in evidence, but there is nothing to indicate it had the same or a greater value then than it had at the time it was stolen, or that it and the remainder of the stolen property were ever restored to the owner, or that any transactions between the appellant and the owner of the stolen property resulted in law or in fact to restitution as contemplated by the statute. Where one seeks the benefit of having sentence imposed pursuant to Section 811.17, F.S., F.S.A., he must first demonstrate the existence of each of the conditions precedent to activation of the statute. As such showing is absent in the mentioned particular, it follows that the sentence imposed herein is irregular because imprisonment was directed in the county jail rather than the state prison.
Having concluded that the judgment of conviction was lawful but that the sentence imposed was invalid, it follows that the appellant is entitled to the accommodations-of the state prison in serving such sentence-as the court may impose. Accordingly, the judgment is affirmed and the cause remanded with directions to set aside the sentence-heretofore imposed on appellant and to re-sentence him under the provisions of Section 811.16, F.S., F.S.A., having due regard' for the imprisonment to which he ha's been subjected pursuant to the vacated sentence.
Remanded with directions.
WIGGINGTON, C. J., and CARROLL, DONALD K., J., concur.